

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00132-CV

---

In re: David J. Alarid, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION[1]

Relator David J. Alarid, representing himself, filed this mandamus action against the Honorable Todd T. Wong, who presided over the underlying matter at issue in County Court at Law No. 2, Travis County, Texas. Alarid's filing includes three distinct matters: a "Verified Petition for Writ of Mandamus"; an "Emergency Motion for Temporary Relief"; and an "Alternative Motion for Review of Supersedeas Order under Texas Rule of Appellate Procedure 24.4." Alarid complains that, in connection with an eviction which he has separately appealed, the trial court signed an order on March 23, 2026, requiring him to "post $25,000.00 within ten days for alleged

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

unpaid supersedeas obligations for November 2025 through March 2026," to "thereafter post $5,000.00 monthly no later than the fifth day of each month commencing April 2026," and authorizing "enforcement of the judgment, including issuance of a writ of possession, upon noncompliance and without further order." According to Alarid, "[t]hat order materially changes the status quo while the appeal remains pending and places the subject matter of the appeal—continued possession of the property—at imminent risk."

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding).

Here, Alarid acknowledges that "[r]eview under [Texas Rule of Appellate Procedure] 24.4 is . . . appropriate when an order effectively determines whether and how a judgment may be enforced during appeal," thus the trial court's March 23 order "is reviewable under Rule 24.4 even apart from mandamus." In other words, Alarid concedes he has an adequate remedy by appeal.

After reviewing the mandamus petition, we conclude that Alarid has not established that he is entitled to mandamus relief,[2] despite his argument that mandamus relief "protects appellate jurisdiction from impairment."[3] Accordingly, we deny the petition for mandamus. *See* Tex. R. App. P. 52.8(a). We further deny Alarid's emergency motion for temporary relief under Texas Rule of Appellate Procedure 52 as moot. We will address Alarid's alternative motion for review under Texas Rule of Appellate Procedure 24.4 separately in Alarid's regular appeal, No. 08-25-00296-CV, and order the Clerk of this Court to file a copy of Alarid's instant filing as such in that appeal,

[2] We also note that Alarid has not filed a mandamus record containing "a *certified or sworn copy* of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as required by Texas Rule of Appellate Procedure 52.7(a)(1) (emphasis added).

[3] *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (holding that involuntary loss of possession on appeal does not moot eviction appeal so long as appellate relief is not futile).

No. 08-25-00296-CV.

LISA J. SOTO, Justice

April 2, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.